UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD SMITH, *et al.*, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 5-127-P-H |
| ) | |
| PAT & JANE EMBLEMS, INC., *et al.*, ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION**

Still pending before this court is Defendant Pat & Jane Emblems, Inc.'s motion to dismiss the amended complaint. (Docket No. 17.) Pat & Jane Emblems moved to dismiss the amended complaint while this court had its motion to dismiss the original complaint under advisement. The Court ultimately adopted my recommended decision and agreed that Pat & Jane Emblems should be dismissed for lack of personal jurisdiction as none of its alleged conduct sufficiently related to Maine-based activity. The motion to dismiss the amended complaint was not acted upon at the time the original complaint was dismissed.

Shortly after the entry of the order affirming my recommended decision and dismissing the original complaint, the motion to dismiss the amended complaint was referred to me for recommended decision. I agreed with Pat & Jane Emblems that nothing in the amended complaint would change my recommendation that it be dismissed for lack of personal jurisdiction. However the amended complaint added numerous other defendants (customers of Pat & Jane Emblems and other entities associated with these transactions). At that point in time I had no basis to believe that this court did or did not have personal jurisdiction over these other entities, and that was the sole basis for my original recommended decision. I decided to defer

entering a recommended decision until the plaintiff had an opportunity to make service and I learned the status of the other putative parties to this litigation.

Before the time period for service of the summonses had expired, the *pro se* plaintiff filed a motion to stay the proceedings (Docket No. 23) because he could not fashion a response to the second motion to dismiss (Docket No. 17) or proceed with service upon the other defendants because he had been enjoined from continuing with this litigation by Judge Owen in the Southern District of New York.  (See Doc 23-2 and 23-3.)  Smith asked this court to stay this litigation pending resolution of his appeal to the Second Circuit.  No objection was filed to his request for a stay and the litigation was stayed pending the resolution of the appeal.  Smith clearly recognized that proceeding with this litigation would be in violation of Judge Owen's order and for that reason he requested the stay.  In his motion to stay Smith acknowledges that Judge Owen examined the <u>amended</u> complaint then pending in this court and enjoined him, Paul A. Kelly, and AquaFortis LLC from continuing this litigation.  (See Docket No. 23, ¶ ¶ 2-3). The matter has been stayed since March 22, 2006.

On April 1, 2008, this court received a letter accompanied by a summary order from the Second Circuit Court of Appeals affirming Judge Owen's order.  (Docket No. 41.)  At this time the stay previously entered in this case is lifted.  I also recommend that the court dismiss the action as to Pat & Jane Emblems based upon lack of personal jurisdiction, as set forth in my original recommended decision.   As for any "new" allegations or parties that may appear in the amended complaint, the matter should likewise be dismissed as to them because, by Smith's own submissions, any continuation of this case would be a direct violation of the order issued by Judge Owen that has now been affirmed in its entirety by the Second Circuit Court of Appeals.

**Conclusion**

Based upon the foregoing I recommend that the Court grant the pending motion to dismiss the amended complaint and that this matter be dismissed in its entirety.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk  
U.S. Magistrate Judge

April 2, 2008